JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1453-GHK (CWx) | Date | March 29, 2013 |
|---|---|---|---|
| Title | *The Bank of New York Mellon Trust Company v. Mary Esther Angulo, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order** Remanding action; Plaintiff's Motion to Remand (Dkt. No. 3)

On March 7, 2013, we required Defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction, given that this appears to be an improperly removed unlawful detainer action. On March 18, 2013, Defendants timely responded to our OSC. Defendants' response appears to reattach their Notice of Removal and reasserts that Defendants "rebut[] the presumption that this is a non-judicial foreclosure issue" and that Plaintiff has engaged in, *inter alia*, fraud and violated their due process rigths. (Response 1-3). As we explained in our March 7, 2013 OSC, however, even if these arguments raise a federal question, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim under the well-pleaded complaint rule. *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Based on the foregoing, we conclude that we lack subject matter jurisdiction over this matter. We hereby **REMAND** this action to the state court from which it was removed. Plaintiff's Motion to Remand is **DENIED** as moot.

**IT IS SO ORDERED.**

: 

Initials of Deputy Clerk    IR for Bea